# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00174-CR

**William Charles Taylor, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-DC-07-300708, HONORABLE DAVID CRAIN, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

In September 2007, appellant pled guilty to a charge of aggravated assault. He appealed from the trial court's judgment against him, and we dismissed the appeal for want of jurisdiction, explaining that we lack jurisdiction to hear an appeal from conviction in a plea-bargained case. *See* Tex. R. App. P. 25.2(a)(2), (d); *Taylor v. State*, No. 03-07-00613-CR (Tex. App.—Austin Nov. 13, 2007, no pet.). Taylor also sought relief through a petition for writ of habeas corpus, and the court of criminal appeals denied relief. *See Ex Parte Taylor*, No. 03-11-00423-CR, 2012 Tex. App. LEXIS 742, at *1-3 (Tex. App.—Austin Jan. 27, 2012, orig. proceeding).

On February 2, 2012, appellant's notice of appeal in this case was received and filed by the trial court. Appellant did not explain what order or judgment he sought to appeal from, and we therefore sent him a letter asking him to explain what he was appealing from, cautioning him that we could not exercise jurisdiction over requests for post-conviction relief. *See* Tex. Code Crim.

Proc. Ann. art. 11.07, §§ 3, 5 (West Supp. 2012). Appellant responded and explained that he wishes to appeal from the trial court's order, signed January 10, 2012, denying his motion to file an out-of-time motion for new trial. He has also filed a motion asking that we hold a hearing and issue a bench warrant for him to attend the hearing.

With very limited exceptions, we may only exercise jurisdiction in criminal cases over appeals from final judgments, and we may not exercise jurisdiction over a trial court's denial of a motion for an out-of-time motion for new trial. *See, e.g.*, *Jackson v. State*, No. 02-11-00381-CR, 2011 Tex. App. LEXIS 8603, at *1-3 (Tex. App.—Fort Worth Oct. 27, 2011, pet. ref'd); *Dykes v. State*, No. 12-08-00412-CR, 2008 Tex. App. LEXIS 8488, at *1 (Tex. App.—Tyler Oct. 31, 2008, no pet.); *Graves v. State*, No. 14-05-00034-CR, 2005 Tex. App. LEXIS 1035, at *1 (Tex. App.—Houston [14th Dist.] Feb. 10, 2005, no pet.); *see also Roberts v. State*, No. 10-12-00075-CR, 2012 Tex. App. LEXIS 6431, at *6 (Tex. App.—Waco Aug. 2, 2012, no pet.) (noting that defendant's claims could be raised in post-conviction habeas proceeding). We therefore dismiss the appeal for want of jurisdiction. We also dismiss appellant's request for a hearing and bench warrant.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed:  February 12, 2013

Do Not Publish